CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 10, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ K. Saville
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Action No.: 7:25-CR-00032 |
| ) | |
| **ALCIDES CASTRO-MARTINEZ,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

On August 14, 2025, the grand jury returned a 13-count indictment against the defendant, Alcides Castro-Martinez ("Castro"). (ECF No. 3.) The indictment charges Castro with 12 firearm-related offenses and one charge of illegal reentry by a removed alien, in violation of 8 U.S.C. § 1326(a). (*Id*.) On August 27, 2025, Castro was arrested. On August 28, 2025, the government filed a motion to dismiss without prejudice the charge of illegal reentry. (ECF No. 11.) Later that day Castro appeared before the court for his initial appearance. At the initial appearance the government moved for a detention hearing under 18 U.S.C. § 3142(f)(1) and (f)(2). Counsel for Castro did not object to the basis for a detention hearing, and the court granted the government's motion. Castro then moved for a continuance of the detention hearing and the court granted the motion scheduling the detention hearing for September 3, 2025.

On September 3, 2025, defense counsel was unable to appear due to a family emergency. The court docketed Castro's oral motion to continue his arraignment and detention hearing, ECF No. 29, and the court granted the motion by oral order. (ECF No. 32.) On September 4, 2025, the presiding district judge granted the government's motion to dismiss without prejudice the illegal reentry charge. (ECF No. 34.)

1

On September 8, 2025, the court arraigned Castro on the remaining 12 counts and conducted a fulsome detention hearing. Following the presentation of evidence, including the testimony of Special Agent Effing and Castro's wife and proposed third-party custodian, Mary Yanez, as well as proffers by the parties and argument of counsel, the court, applying the factors as required by § 3142(g), denied the government's motion for detention. The court found the government failed to satisfy its burden by a preponderance of the evidence that no condition or combination of conditions exist that will reasonably assure the appearance of Castro as required and that the government failed to satisfy its burden by clear and convincing evidence that no condition or combination of conditions exist that will reasonably assure the safety of any other person and the community. Thereafter, the court ordered Castro released on an unsecured bond of $10,000 and imposed conditions, including his wife serving as his third-party custodian, a surrender of any passport, prohibition from obtaining a passport or international travel document, restriction of any travel outside the Western District of Virginia, prohibition from possession firearms and weapons, no use of alcohol or controlled substances, stand-alone electronic location monitoring, and a substance use disorder assessment, among others. (ECF No. 40.)

Later that day, the government filed an emergency motion to stay the order granting Castro's pre-trial release. (ECF No. 42.)[1] On September 9, 2025, the government filed an amended emergency motion to stay the order granting Castro's pre-trial release. (ECF No. 44.) On September 10, 2025, Castro filed an opposition to the government's

---

[1] As the government filed an amended motion, ECF No. 44, which the court addresses herein, the initial motion to stay, ECF No. 42, is denied as moot.

2

motion. (ECF No. 46.) Both motions were referred to me pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons discussed below, the government's motion is denied.

In deciding whether to grant a stay of an order of release, the Court is required to consider the four-factor test adopted in *Nken v. Holder*, 556 U.S. 418, 434 (2009). *See United States v. Vasquez-Robles*, No. 2:25-mj-55, 2025 WL 1090884, at *6 (E.D. Va. Apr. 7, 2025) (denying the government's motion to stay a release order after considering the *Nken* factors). The factors the court must consider include

> (1) whether the stay applicant has made a strong showing of success on the merits of the appeal, (2) whether the absence of a stay will cause irreparable harm to the moving party, (3) whether the issuance of a stay will substantially injure the other interested parties, and (4) whether the issuance of a stay supports the public interest.

*Vasquez-Robles*, 2025 WL 1090884, at *6 (citing *Nken*, 556 U.S. at 434). The first two factors are the "most critical." *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 768 F. Supp. 3d 735, 737–38 (D. Md. 2025) (citing *Nken*, 556 U.S. at 434). The party requesting a stay carries the burden of demonstrating that the *Nken* factors justify a stay. *Id.* (citing *Dep't of Educ. v. Louisiana*, 603 U.S. 866, 868 (2024)).

In consideration of the first factor, the court finds that the government has not made a strong showing that it is likely to succeed on appeal. The government primarily claims that the evidence it presented at the detention hearing is sufficient to show that no combination of conditions exists to reasonably assure Castro's appearance at subsequent proceedings.[2] In its motion, the government refers to Castro's alleged unlawful status in the United States, his underlying firearm charges, his potential sentence of 8 to 10 years,

---

[2] At the detention hearing, the government argued detention was warranted based upon risk of nonappearance and safety of any other person and the community. However, in the motion to stay, the government focuses solely on risk of nonappearance. (*See* ECF No. 44 at 1.) ("the government can . . . (2) show that no combination of conditions will adequately ensure his appearance for subsequent proceedings.").

3

and alleged substance use. Notably, during the detention hearing, counsel for the government stated multiple times that the detention determination in this case was a "close call." Although not determinative, the court must note that such statement is at odds with the government's burden to make a "strong showing" that its appeal is likely to succeed. As the government simply rehashes its evidence and arguments which I determined failed to satisfy its burden to detain Castro pending trial, I do not find that the government satisfied its burden on the first factor.

As to the second factor, the government raises new evidence that was not presented at the detention hearing—that Castro is subject to an Immigration and Customs Enforcement ("ICE") detainer and may be subject to removal proceedings prior to adjudication of the underlying criminal charges.[3] As such, the government claims it will suffer irreparable harm if the defendant is deported before trial. However, other courts faced with this specific issue have determined that it does not satisfy the irreparable harm factor. *See United States v. Abrego*, No. 3:25-cr-00115, 2025 WL 1762967, at *7 (M.D. Tenn. June 25, 2025) (finding risk of deportation by the government (DHS) insufficient to show the government (Department of Justice) will suffer irreparable injury absent stay); *Vasquez-Robles*, 2025 WL 1090884, at *7 (E.D. Va. Apr. 7, 2025) (same). As noted in *Abrego*, "the Government asks the Court to save it from itself because it may suffer irreparable harm completely of its own making." *Id*. To ensure the government does not suffer the harm for which it complains, it is incumbent upon <u>itself</u>—not the court on this

---

[3] On September 4, 2025, the presiding district judge granted the government's motion to dismiss without prejudice the government's motion to dismiss the illegal reentry charge against Castro. (ECF No. 34.) If the government was concerned about the deportation and removal of Castro before the detention hearing on September 8, 2025, it could have moved for temporary detention of up to 10 days under 18 U.S.C. §3142(d). It failed to do so.

4

motion—to make sure deportation does not occur before the defendant faces the underlying charges against him. Accordingly, this factor weighs against a stay.

Lastly, the government completely ignores the third and fourth factors as it does not address the harm to the defendant if the motion to stay is granted or whether the issuance of a stay supports the public interest. The public interest weighs in favor of the court's steadfast application of the Bail Reform Act and the acknowledgement by the Supreme Court that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). As such, I find the government failed to satisfy its burden on factors three and four.

Accordingly, in consideration of the *Nken* factors, the court finds that a stay of its order setting conditions of release is not warranted. Therefore, the government's amended motion to stay, ECF No. 44, is **DENIED**.

It is so **ORDERED**.

Entered: September 10, 2025

C. Kailani Memmer
United States Magistrate Judge